WILLIAM OTTE, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

108 N. W. 2d 737

Filed April 21, 1961. No. 34921.

*Atkins & Ferguson* and *Clark G. Nichols*, for plaintiff in error.

*Clarence A. H. Meyer,* Attorney General, and *Cecil S. Brubaker*, for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

SPENCER, J.

The defendant was convicted by a jury in the district court for Morrill County of operating a motor vehicle while under the influence of alcoholic liquor. He prosecutes error to this court. Defendant lists several assignments of error. We will discuss only the following assignments: "1. The Court erred in overruling the Plea in Abatement filed by Plaintiff-in-error * * *.

"2. The Court erred in giving Instruction No. 9 on its own Motion.

"3. The Court erred in permitting Dr. W. O. Brown to testify as to an analysis of the alcoholic content of the blood of the Defendant over the objection of the Defendant when the State had failed to lay proper foundation by showing that the specimen of blood was taken from the Defendant in compliance with Section 39-727.03 and 39-727.04, R. S. Supp. 1943."

The defendant, about 9 p.m., December 24, 1959, was involved in a one-car accident at an intersection between Bayard and Bridgeport, Nebraska. He was taken to a doctor's office in Bayard. A highway patrolman saw him at the doctor's office but did not talk to him, place him under arrest, or take him into custody. This patrolman did ask the doctor to take a blood test, but none was taken because neither the doctor nor the patrolman had a bottle available for a specimen. The defendant was taken to a hospital at Scottsbluff. Ten minutes after his admission, and while he was unconscious, a registered nurse at the hospital withdrew blood from the defendant. There is no testimony in the record as to who requested her to do so or that she was acting under the direction of a physician. The doctor was not present. The blood was placed by her in two bottles in a locked box in an icebox in the laboratory of a pathologist connected with the hospital. The pathologist made an analysis of the blood the morning of December 26. He testified that the result of his blood alcohol determination was 0.165 percent. No evidence appears in the record that the pathologist was the holder of a permit issued by the Department of Health authorizing him to examine blood specimens for the purpose of section 39-727.01, R. S. Supp., 1959, or that the method used by him was one approved by the Department of Health.

The complaint in this action was filed in the district court on January 11, 1960. The defendant filed a plea in abatement setting forth that no preliminary hearing had been held as required by law. This plea was overruled. The offense charged was a misdemeanor. If the complaint had been filed in the county court, the defendant would not have been entitled to a preliminary hearing. Is he entitled to one in the district court?

There can be no question but that a district court in the exercise of its original, as distinguished from appellate, jurisdiction is empowered to try and determine

misdemeanors. Nelson v. State, 115 Neb. 26, 211 N. W. 175.

The defendant contends that section 29-1607, R. R. S. 1943, clearly contemplates that prosecutions brought in the district court must be brought upon information regardless of whether the crime charged is a felony or a misdemeanor. We hold this contention to be without merit.

The provisions of law relating to the filing of an information for the prosecution of crime were provided as a substitute for prosecution on indictment. Article I, section 10, Constitution of Nebraska, provides as follows: "No person shall be held to answer for a criminal offense, *except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary,* in case of impeachment, and in cases arising in the army and navy, or in the militia when in actual service in time of war or public danger, unless on a presentment or indictment of a grand jury; Provided, That the Legislature may by law provide for holding persons to answer for criminal offenses on information of a public prosecutor; and may by law, abolish, limit, change, amend, or otherwise regulate the grand jury system." (Italics supplied.) It is evident from the exceptions italicized that prosecutions for misdemeanors were exempt from the requirement of being brought only under indictment or information if the Legislature should provide such procedure.

Section 29-203, R. R. S. 1943, provides as follows: "The judges of the district courts in their respective districts, and the magistrates mentioned in section 29-201 in their respective counties, shall jointly and severally be conservators of the peace within their respective jurisdictions, and shall have full power to enforce or cause to be enforced all laws that now exist or that shall hereafter be made for the prevention and punishment of offenses, or for the preservation and observance of the peace. Judges of the district courts shall have

the same powers to require securities for the keeping of the peace and good behavior, and bail for appearance in courts to answer complaints to keep the peace, and for crimes and offenses committed in their respective districts as any of the magistrates aforesaid have in their respective counties."

Section 29-601, R. R. S. 1943, provides as follows: "Magistrates shall have jurisdiction concurrent with the district court and coextensive with their respective counties in all criminal cases where the punishment cannot exceed three months imprisonment or a fine of one hundred dollars, or both, except as otherwise provided by law."

While not particularly pertinent, section 29-613, R. R. S. 1943, does cover the situation where it is necessary to file a new complaint in district court. It provides: "The district court shall hear and determine any cause brought by appeal from a magistrate upon the original complaint, unless such complaint shall be found insufficient or defective, in which event the court, at any stage of the proceedings, shall order a new complaint to be filed therein, and the case shall proceed thereon the same in all respects as if the original complaint had not been set aside."

It appears to be the import of our statutes that district judges have all of the original jurisdiction of magistrates. With this in mind, we hold that section 29-1607, R. R. S. 1943, requiring a preliminary hearing before the filing of an information, was intended to apply only where the grade of the offense makes it necessary to file an information. This was the interpretation we placed on this section in Jahnke v. State, 68 Neb. 154, 94 N. W. 158, when we said: "What the statute evidently contemplates is that when a person is charged with the commission of a felony, before he can be proceeded against by information he must be brought before an examining magistrate on such charge, * * *." The instrument filed in this case was not an information but

was a complaint. It lacks certain requirements of an information, viz, endorsement of names of witnesses. In any event, we now say that unless the offense charged would require a preliminary hearing if filed in the county court, no preliminary hearing is necessary if a complaint is filed in the district court as an original action.

With reference to the other assignments of error, section 39-727.02, R. R. S. 1943, provides as follows: "Tests to be considered valid under the provisions of section 39-727.01 shall have been performed according to methods approved by the Department of Health and by an individual possessing a valid permit issued by such department for this purpose. The department is hereby authorized to approve satisfactory technics or methods and to ascertain the qualifications and competence of individuals to perform such tests and to issue permits which shall be subject to termination or revocation at the discretion of the department." The words *"Tests to be considered valid * * * shall"* would indicate that it was the intention of the Legislature to condition the right to use the tests on meeting the two requirements of this section: First, an analysis by an individual who had been issued a permit to make such analysis; and second, an analysis according to a method approved by the Department of Health. There is no evidence in this record that the pathologist met either of these tests.

If there can be any doubt on this point, there can be none when we also consider the provisions of section 39-727.06, R. S. Supp., 1959, which provides: "Any test made under the provisions of sections 39-727.03 to 39-727.12, *if made in conformity with the requirements of section 39-727.02,* shall be valid for the purposes of section 39-727.01, and shall be competent evidence in any criminal prosecution under a state statute or city or village ordinance involving operating a motor vehicle while under the influence of alcoholic liquor."

(Italics supplied.) Timely objection was made as to foundation.

Section 39-727.04, R. S. Supp., 1959, provides in part: "The person so arrested or taken into custody may choose whether the test so required shall be a chemical test of his blood or urine. Only a physician, registered nurse, or registered laboratory technologist, under the direction of a physician, acting at the request of a law enforcement officer may withdraw blood for the purpose of determining the alcoholic content therein; Provided, this limitation shall not apply to the taking of a urine specimen. The person tested shall be permitted to have a physician or registered nurse, under the direction of a physician, of his own choosing administer a chemical test in addition to and following the test administered at the direction of the law enforcement officer." In the second sentence, the words "or registered laboratory technologist" appear between the words "registered nurse" and "under the direction of a physician," but in the third sentence this is not the case. In the third sentence, there can be no possibility of any other construction than the one that the registered nurse must be acting under the direction of a physician. It should be evident that it could not have been the intention of the Legislature that in one case the nurse would be required to be acting under the direction of a physician and in the other she would not. Construing the section in its entirety, we hold that in order to permit the blood sample to be used for the purposes of the act, the registered nurse at the time the blood sample is taken must be acting under the direction of a physician.

In this case, the withdrawal of blood was made by a registered nurse. There is no evidence that she was acting under the direction of a physician. Nor is there any evidence in this record to indicate that any law enforcement officer directed that a test be made. Timely objection was made of no proper and sufficient founda-

tion when the blood test was first produced.

Section 39-727.03, R. S. Supp., 1959, provides as follows: "Any person who operates or has in his actual physical control a motor vehicle upon a public highway in this state shall be deemed to have given his consent to submit to a chemical test of his blood or urine for the purpose of determining the amount of alcoholic content in his body fluid. The test shall be administered at the direction of a law enforcement officer *whenever the person has been arrested for any offense involving operating a motor vehicle under the influence* of alcoholic liquor in violation of a statute or a city or village ordinance when the arresting officer has reasonable grounds to believe that *before his arrest the person was driving* while under the influence of alcoholic liquor." (Italics supplied.) Without a detailed analysis of this section, read in connection with section 39-727.04, R. S. Supp., 1959, it is apparent that it requires an arrest or the taking into custody on a driving offense before the test is administered. We therefore hold that for the implied consent of a person to be effective, as provided in section 39-727.03, R. S. Supp., 1959, the person must have been arrested or taken into custody before the test is given. The defendant was not arrested or taken into custody for several days after the test was made.

We held in Vore v. State, 158 Neb. 222, 63 N. W. 2d 141: "A statute providing that a presumption of intoxication arises upon a determination that the amount of alcohol in the subject's body fluid at the time in question is 0.15 percent or more, by weight, as shown by chemical analysis, is in derogation of the common law and subject to strict construction."

The trial court erred in admitting the evidence as to blood test over the objection of the defendant. As the evidence was not admissible, the giving of instruction No. 9, covering the presumptions as to intoxication based upon the percentage of alcohol by weight in the body

fluid, as established by section 39-727.01, R. S. Supp., 1959, was prejudicial error.

However, in this case, when the testimony on the blood test is excluded, there is not a scintilla of evidence which would have permitted a jury to have returned a verdict of guilty. The defendant moved for a directed verdict after both parties rested. The motion should have been sustained. The judgment of the district court is reversed and the cause is remanded with directions to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.