STATE OF NEBRASKA, APPELLEE, v. HIRAM RAY BAKER, APPELLANT.

171 N. W. 2d 798

Filed November 7, 1969. No. 37181.

John McArthur and A. James McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Defendant, Hiram Ray Baker, perfected an appeal to this court from a conviction for driving an automobile while under the influence of intoxicating liquor. He set out four assignments of error. We consider only the

second, that: "The Court erred in admitting into evidence over objection the results of the blood test allegedly made."

This prosecution grew out of a collision which occurred on U. S. Highway No. 77, approximately 1¾ miles north of Beatrice, at approximately 12:30 a.m., December 2, 1967. The evidence would indicate that the other car was across the centerline and struck defendant's car. After the accident defendant was pinned behind the steering wheel and his feet were caught in the car so that he could not be removed. He also sustained a severe cut on his forehead. No attempt was made to remove him until sometime after an ambulance arrived. He was then taken to the Mennonite Hospital in Beatrice.

A deputy sheriff who investigated the collision saw the defendant in the emergency room of the hospital approximately 2 hours after the accident but did not interview him until he was taken to his room. This interview lasted only 3 or 4 minutes. The sheriff of Gage County also saw the defendant in the emergency room, explained the implied consent law to him, and asked for a blood test which the defendant refused to give. The sheriff at no time advised the defendant that he was in custody or under arrest. The sheriff asked the doctor rendering emergency treatment to obtain a blood sample, but the doctor refused to take one unless the defendant gave his consent. Subsequently the doctor withdrew some blood which was given to the authorities. There is a dispute as to whether the defendant ever gave his consent but this point is immaterial herein. There is no dispute that the defendant was not arrested until December 4, 1967, or 2 days after the blood was withdrawn.

The only question presented is whether a reasonable inference can be drawn that the defendant was in custody at the time the blood sample was secured. The record would indicate he was not. Defendant was a patient in the hospital. His condition was such that he could not leave. There is nothing in the record

which even would permit an inference that he could not have left the next day if he had been able to. There is no indication of any nature that the defendant was in custody until he was actually placed under arrest 2 days after the blood was withdrawn and after the result of the blood test was known.

In Otte v. State, 172 Neb. 110, 108 N. W. 2d 737, we said that section 39-727.03, R. R. S. 1943, read in connection with section 39-727.04, R. R. S. 1943, requires an arrest or the taking into custody on a driving offense before the test is administered. We held in that case: "For the implied consent of a person to be effective, as provided in section 39-727.03, R. S. Supp., 1959, the person must have been arrested or taken into custody before the test is given.

"A statute providing that a presumption of intoxication arises under a determination that the amount of alcohol in the subject's body fluid at the time in question is 0.15 percent or more by weight, as shown by chemical analysis, is in derogation of the common law and subject to strict construction."

For the reasons given, defendant's objection to the admission in evidence of the blood test should have been sustained. The judgment herein is reversed and the cause is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.