In re Estate of Samuel Rohde, deceased.
Ward W. Minor, appellee, v. Ione Bickford et al.,
APPELLANTS.
238 N. W. 2d 243

Filed February 5, 1976. No. 40190.

Padley & Dudden, for appellants.

Schaper & Schaper, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal from a judgment of the District Court admitting to probate the last will and testament of Samuel Rohde after a jury verdict in favor of the proponent, Ward W. Minor, executor. The contestants are Ione Bickford and Maxine DeLisle, daughters and heirs-at-law of the testator. In the courts below the contestants pleaded that the will was not that of the testator because it was the product of undue influence and because Samuel Rohde lacked testamentary capacity. Both of these positions rest upon the factual claims that for a period of 20 years there existed an incestuous relationship between Rohde and the contestant Ione Bickford; that Ione terminated this relationship and left Rohde's home in 1961; and that mental aberrations of Rohde growing out of the relationship and its termination caused the testator to disinherit his daughters. The trial court submitted to the jury only the issue of testamentary capacity.

We, on this appeal, consider only those assignments of error which are both assigned and discussed. See Rule 8 a 2 (3), Revised Rules of the Supreme Court, 1974. Assignments meeting the above requirements are: (1) Refusal of the trial court to permit the jury to consider the issue of undue influence, and (2) refusal of the trial court to receive in evidence exhibit 11 which consisted of certain writings of the testator made in 1961. We affirm the judgment of the trial court.

With reference to the first assignment, we state the position of the contestants by quotation from their

brief: "We suggest in this case that the conduct of the Decedent himself brought about the undue influence that created the situation which caused him to make the Will he did." The elements of undue influence have been stated by this court many times and there is no need to restate them again. Implicit in the concept of undue influence, as that term is used in the law, is the premise that the influence which overcomes the will of the testator must be undue influence exercised upon the testator by someone else so that the testamentary disposition is not really the testator's own. See, Scholting v. Scholting, 183 Neb. 850, 164 N. W. 2d 918; Spinar v. Wall, 191 Neb. 395, 215 N. W. 2d 98. Neither this court nor any other that we know of has equated an uninfluenced motive of the testator with undue influence. The contestants cite no authority which supports their position.

We have carefully read the entire record. It contains not the slightest bit of evidence that anyone sought to influence the testator in the execution of or in his determination of the dispositions made in the will which was admitted to probate. The record shows that the beneficiary of the will, a neighbor and tenant of Rohde, who, together with his wife, were kind to Rohde during his latter years, neither knew of the existence of the will until after the death of Rohde, nor had any expectation of benefit from Rohde's estate. So far as the record before us shows, only Rohde, the lawyer who drew the will, and the latter's secretary knew of the will and its contents until the beneficiary was informed by the lawyer of the will after Rohde's death. The contestants' first assignment of error is without merit.

The contestants offered into evidence exhibit 11, foundation for the admission of which was laid by the contestant Ione Bickford. She testified that she found the writings which were exhibit 11, shortly before she left her father's home in 1961. She testified that these writings are entirely in her father's handwriting. These

writings (1) indicate that Rohde, at the time the writings were made, was contemplating suicide; (2) tend to corroborate Ione's testimony of the incestuous relationship; and (3) tend to show that Rohde was semiliterate so far as the written language is concerned. The reasons given by the trial court for excluding the exhibit were that the writings had (1) slight probative value in comparison with their tendency to inflame, and (2) the contestants had failed to deposit the exhibit with the court and make it available for inspection before trial. We do not believe the trial court's ruling was in error. The exhibit was written in 1961. The will in question was executed in 1971, 2 years prior to Rohde's death. There was no competent evidence of Rohde's lack of testamentary capacity as that term is understood in legal contemplation. Many witnesses, who were long-time friends and acquaintances and who knew Rohde well, testified to his mental competence and testamentary capacity. The record before us is extensive, but the contestants' position may be capsulized by quotation from the record. The contestant Ione Bickford testified that she had an opinion as to her father's competence. Then followed these questions and answers: "Q. What is that opinion? A. I would say he was incompetent. Q. On what do you base your statement in regard to his competency; in other words what do you believe as to that or your opinion as to why he was incompetent? A. I think he had a real guilty conscience the way he treated his family, the way he did them and he didn't want anything to do with any of them." Two other witnesses testified to Rohde's lack of competence. The foundation for this testimony may be described as extremely weak. Nonetheless, the trial court submitted to the jury the question of Rohde's testamentary capacity. If it may be said there is any dispute of fact, it was resolved by the jury's verdict. Issues of fact in will contest cases are determined in this court by the sufficiency of the evidence under the

law to sustain the verdict of the jury or the findings of the District Court and, where the evidence in a case tried to the jury is conflicting, issues of fact are questions for its determination. Jensen v. Priebe, 163 Neb. 481, 80 N. W. 2d 127.

AFFIRMED.