State of Nebraska, appellee, v. Richard J. Jablonski, appellant.

258 N. W. 2d 918

Filed October 26, 1977. No. 41374.

William E. Pfeiffer of Spielhagen, Spielhagen & Pfeiffer, for appellant.

Paul L. Douglas, Attorney General, Herbert M. Fitle, Gary P. Bucchino, and Richard M. Jones, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Richard J. Jablonski, defendant and appellant herein, was charged in the municipal court of the City of Omaha under section 39-669.07, R. R. S. 1943, with operating a motor vehicle while under the influence of alcohol. Defendant was adjudged guilty, and the trial court imposed a fine of $100 and revoked his driver's license for a period of 6 months. Defendant appealed to the District Court for Douglas County, which affirmed the conviction and sentence. He has now appealed to this court, contending that his conviction was not sustained by sufficient evidence, and that the trial court abused its discretion in not ordering a presentence investigation before imposing sentence.

Defendant was arrested after the vehicle he was driving collided with an automobile driven by Christine Huntzinger. Huntzinger and a police officer who came to the scene of the accident testified that the defendant appeared to be intoxicated. The police officer testified that the defendant was unsteady when he walked, that there was a strong odor of alcohol on his breath, and that his speech was slurred.

The officer was of the opinion that the defendant was too intoxicated to operate a motor vehicle safely. It was stipulated that a second police officer, who also observed the defendant at the scene of the accident, would testify to the same facts and was of the same opinion as the first officer.

Defendant was taken to police headquarters, where he was given a gas chromatograph test by an identification technician who held a valid permit from the State of Nebraska to operate a gas chromatograph. The technician identified a copy of rules and regulations pertaining to the analysis for the determination of alcoholic content of body fluids and of the breath as adopted by the Nebraska Department of Health. A copy of the Revisor of Regulations' certification that such rules and regulations had been approved and had been filed in his office was attached to the copy of the rules. The technician stated that he had followed the rules with respect to testing the defendant on the gas chromatograph. The rules were admitted in evidence over defendant's objection that they were hearsay and not the best evidence.

Also admitted in evidence was the technician's test report, which indicated that the defendant had thirteen-hundredths of one percent by weight of alcohol in his body fluid at the time he was tested. Defendant objected to admission of this report on the grounds that the technician had no personal knowledge of the contents of the nalco bottle, which contains the "known substance" used in testing for alcoholic content on a gas chromatograph. The technician stated that the State of Nebraska provides the nalco bottle, which is stamped.

Section 39-669.07, R. R. S. 1943, provides that it "shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug or when that person has ten-hundredths of

one per cent or more by weight of alcohol in his body fluid as shown by chemical analysis of his blood, breath, or urine.'' Section 39-669.08, R. R. S. 1943, establishes procedures for the administration of a chemical test of the blood, urine, or breath for the purpose of ascertaining the amount of alcoholic content in the body fluid. Section 39-669.11, R. R. S. 1943, provides that any test made under the provisions of section 39-669.08 shall be competent evidence in any prosecution for driving while under the influence of alcohol, but requires that: "Tests to be considered valid shall have been performed according to methods approved by the Department of Health and by an individual possessing a valid permit issued by such department for such purpose.''

It is defendant's contention on appeal that the gas chromatograph test results were improperly received in evidence because the State did not prove that such a test method has been approved by the Department of Health. The rule is clear that the result of a chemical test may not be admitted in evidence unless it was performed according to methods approved by the Department of Health and by an individual possessing a valid permit issued by such department for such purpose. § 39-669.11, R. R. S. 1943; Otte v. State, 172 Neb. 110, 108 N. W. 2d 737 (1961); State v. Fox, 177 Neb. 238, 128 N. W. 2d 576 (1964). Defendant concedes that the technician in this case possessed a valid permit and had the necessary qualifications to administer gas chromatograph tests. Therefore the only question presented is whether there was sufficient evidence that a gas chromatograph test is a method of testing approved by the Department of Health.

Defendant objects to the fact that there was no testimony by the State's witnesses concerning what testing methods have been approved by the Department of Health. However, he ignores the rules and regulations adopted by the Department of Health,

which were properly received in evidence under sections 84-906.05 and 27-1003, R. R. S. 1943. Rule (4) provides that the "granting of a permit for performance of any specific test or technique shall be construed as Departmental approval of said test or method of analysis." Since the defendant concedes that the technician had a permit to operate a gas chromatograph, there can be no question that, under Rule (4), such a method of testing has been approved by the Department of Health. It is clear that there was compliance with the statutory requirements set forth in section 39-669.11, R. R. S. 1943, in this case.

It should be noted that at trial defendant objected to the admission in evidence of the test results on the grounds of lack of foundation for the reason that the technician had no personal knowledge in regard to the "known chemical substance" used in the ampule in testing on a gas chromatograph, and that there was no evidence that the gas chromatograph was in proper working condition when the test was administered. Although defendant alludes to this issue in his statement of facts in his brief on appeal, he does not discuss the issue, and cites no cases or authorities relevant to it. This court has not previously determined what foundational facts other than those set forth in section 39-669.11, R. R. S. 1943, may be required before a breath test is admissible in evidence. Courts in other jurisdictions, either on the basis of a statute or a rule of evidence, have held that before a breathalyzer test may be admitted in evidence, there must be a foundational showing that the machine used was in good working order, and that any chemicals used in conjunction with the test and machine are what they purport to be and have been approved by the person or agency responsible for providing them. See, State v. Ghylin, 222 N. W. 2d 864 (N. D., 1974); Wester v. State, 528 P. 2d 1179 (Alaska, 1974); State v. Coffman, 11 Ore. App. 307,

502 P. 2d 605 (1972); French v. State, 484 S. W. 2d 716 (Tex Cr. App., 1972); State v. McGeary, 129 N. J. Super. 219, 322 A. 2d 830 (1974); State v. Hood, 155 W. Va. 337, 184 S. E. 2d 334, (1971); cases cited in 22A C. J. S., Criminal Law, § 645 (3), p. 528, n. 23.55. Some states permit a foundational showing to be made by presentation of certified documents, and the cases cited above indicate that strict rules concerning foundation, as established in older cases, should be relaxed somewhat in light of the increased scientific reliability of breath tests. As stated in People v. Gower, 42 N.Y. 2d 117, 397 N. Y. S. 2d 368 (1977): "Breathalyzer equipment and procedures have become familiar and their use is now commonplace. Reliability has been demonstrated and the results of such testing where properly performed are universally accepted. This is not to say, however, that no foundation should be any longer required for introduction of breathalyzer evidence. It is to say that there may now appropriately be some relaxation of the rigorous prerequisites properly required to authenticate the reliability of the scientific equipment and procedures where they were first employed. Based on a wealth of practical experience greater dependence can now properly be placed on according full opportunity, through pretrial discovery and other means, to test and challenge the probative worth of the evidence. Thus, emphasis may be shifted from technical issues of admissibility of evidence to means for measuring its persuasive weight. No precise or even general guidelines can be laid down in advance; necessarily the requirements in each case will depend on the peculiar circumstances of that case."

In the present case we need not resolve this issue for two reasons. First, defendant did not discuss the issue in his brief, and alleged errors not assigned and discussed will not ordinarily be considered on appeal. Rule 8 a 2 (3), Revised Rules of the Su-

preme Court, 1974; Minor v. Bickford, 195 Neb. 402, 238 N. W. 2d 243 (1976). More importantly, the evidence adduced at trial, other than the results of the breath test, as described above, was sufficient to sustain defendant's conviction. See, State v. Haile, 185 Neb. 421, 176 N. W. 2d 232 (1970); State v. Schwade, 177 Neb. 844, 131 N. W. 2d 421 (1964); State v. Lewis, 177 Neb. 173, 128 N. W. 2d 610 (1964). Section 39-669.07, R. R. S. 1943, defines but one offense, and this offense can be the result of three different conditions: Being under the influence of alcoholic liquor, being under the influence of any drug, or having ten-hundredths of one percent or more by weight of alcohol in the body fluid. State v. Weidner, 192 Neb. 161, 219 N. W. 2d 742 (1974). The testimony of the police officers and the person with whom the defendant collided, based on personal observation of the defendant, was sufficient to sustain a finding that he was under the influence of alcoholic liquor. See O'Neill v. Henke, 167 Neb. 631, 94 N. W. 2d 322 (1959). Therefore the evidence was sufficient to sustain defendant's conviction, even without the results of the breath test.

Defendant's second contention is that the trial court committed reversible error in not ordering a presentence report prior to sentencing. The record does not indicate that the defendant requested such a report, and he provides no explanation in his brief as to why a presentence report was needed.

Section 29-2261, R. R. S. 1943, provides that unless "it is impractical to do so, when an offender has been convicted of a *felony,* the court shall not impose sentence without first ordering a presentence investigation." (Emphasis supplied.) In State v. Cardin, 194 Neb. 231, 231 N. W. 2d 328 (1975), this court stated: "While it is true that the court sentenced the defendant without the benefit of a presentence investigation, we point out that the offense in question was not a felony, but a misdemeanor, and

that under section 29-2261, R. S. Supp., 1974, the use of a presentence investigation before sentencing an offender is required only as to those convicted of felonies. The failure of the court to obtain a presentence report in this case did not constitute prejudicial error." The same rationale is applicable in the present case. Defendant has made no showing as to why the failure to order a presentence report constituted prejudicial error, and section 29-2261 does not require the trial court to order such a report in misdemeanor cases.

The contentions of the defendant are without merit, and the judgment and sentence of the trial court are affirmed.

AFFIRMED.