STATE OF NEBRASKA, APPELLEE, V. DONALD E. TOMES, APPELLANT.

352 N.W.2d 608

Filed July 27, 1984.    No. 83-899.

Kent F. Jacobs of Blevens, Blevens & Jacobs, for appellant.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired.

BOSLAUGH, J.

The defendant, Donald E. Tomes, was convicted of driving while intoxicated and was sentenced to 7 days in the county jail, fined $200, and his driver's license revoked for 6 months. Upon appeal to the district court the judgment was affirmed.

The defendant has appealed to this court and contends that an error in a ruling on an evidentiary matter requires that the judgment be reversed.

The record shows that on January 21, 1983, at approximately 5:40 p.m., a state patrolman observed a pickup truck being operated by Tomes on U.S. Highway 34 near Waco, Nebraska. The truck crossed the centerline four times and forced an oncoming car onto the shoulder of the road when the defendant's vehicle crossed the centerline.

The patrolman stopped Tomes and detected a moderate odor of alcohol about him. Tomes was unsteady when he got out of the truck, had bloodshot eyes, and spoke "with a thick tongue." He was unable to touch the tip of his nose with his index finger, but, rather, touched the bridge of his nose and his cheek. When asked to pick up a set of keys from the ground, Tomes lost his balance twice. Tomes was placed under arrest and taken to the sheriff's office, where a breath test was conducted.

Trial was had to the county court without a jury. The results of the breath test were admitted over objection that there was insufficient foundation.

The rules of procedure adopted by the Department of Health, following the decision in *State v. Gerber*, 206 Neb. 75, 291 N.W.2d 403 (1980), provide that the certification as to preparation of the simulator test solution may be made by affidavit. The defendant's objection was directed to the affidavit of the person who had prepared and tested the simulator solution used in preparing the machine for the test made in this case.

After the defendant rested, the court determined that there was a foundational defect in the State's evidence, reversed its

earlier ruling, and sustained the defendant's objection. However, the court found the defendant guilty of driving while under the influence, and stated that the conviction was based upon evidence which had been properly admitted.

Tomes contends that he was prejudiced by the admission of the breath test results despite the fact that his objections were later sustained. We conclude that even if we were to assume that the results of the breath test were properly held inadmissible, there is no merit to this assignment of error.

In a case tried to the court without a jury, there is a presumption that the trial court, in reaching its decision, considered only evidence that is competent and relevant, and this court will not overturn such a decision where there is sufficient material, competent, and relevant evidence to sustain the judgment. *Barber v. Barber*, 207 Neb. 101, 296 N.W.2d 463 (1980); *Murdoch v. Murdoch*, 200 Neb. 429, 264 N.W.2d 183 (1978). In the present case the record shows clearly that the trial court did not base its finding on the results of the breath test, but, rather, based its decision upon other evidence. Moreover, we note that the trial court expressly sustained the objection, thereby withdrawing the evidence from its consideration as fact finder. This is analogous to curing error in the admission of evidence by sustaining an objection and instructing the jury to disregard the improper evidence. See *State v. Ebberson*, 209 Neb. 41, 305 N.W.2d 904 (1981).

The conviction is supported by other material, competent, and relevant evidence. Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1982) provides in part:

It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug or when that person has ten-hundredths of one per cent or more by weight of alcohol in his or her body fluid as shown by chemical analysis of his or her blood, breath, or urine.

In *State v. Hilker*, 210 Neb. 810, 812, 317 N.W.2d 82, 83-84 (1982), we said:

Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1980) defines one offense which can be proved by any of three ways: (1) By proof that the defendant was in physical control of a

motor vehicle while under the influence of alcoholic liquor; (2) By proof that the defendant was in physical control of a motor vehicle while under the influence of any drug; or (3) By proof that the defendant was in physical control of a motor vehicle while having ten-hundredths of one percent or more by weight of alcohol in his or her body fluid. *State v. Jablonski*, 199 Neb. 341, 258 N.W.2d 918 (1977).

In the *Jablonski* case the defendant was stopped after a police officer observed the defendant's vehicle going through a red light. The defendant had an odor of alcohol about him and slurred his speech. The defendant also failed several field sobriety tests. We held this evidence sufficient to sustain a conviction for driving while intoxicated.

In the present case the evidence shows that defendant had been drinking and exhibited clear indications that he was intoxicated. This is sufficient to sustain the conviction.

The judgment of the district court is affirmed.

AFFIRMED.