**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Larry PASCOE, Defendant and Appellant.**

**No. 870269–CA.**

Court of Appeals of Utah.

May 17, 1989.

---

Elizabeth A. Bowman, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Dan R. Larsen, Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, GREENWOOD and GARFF, JJ.

## OPINION

GARFF, Judge:

Appellant Larry Pascoe appeals his jury conviction of automobile homicide, a third degree felony, in violation of Utah Code Ann. § 76–5–207 (1986). We affirm.

On June 7, 1986, between 11:30 and 11:45 p.m., appellant was driving home from a private club where he had been drinking alcoholic beverages. He exited the freeway in his pickup truck. Witnesses testified that he was driving erratically, that he crossed the yellow center line several times, and also drove onto the shoulder of the road. At least once, all four wheels of appellant's truck went onto the shoulder. Appellant crossed the Jordan River and then accelerated "real fast," at which time witnesses lost sight of his truck for forty to fifty seconds. When they next saw his truck, it was on a lawn, tangled in 100 feet of chain link fence. It had struck another pickup truck. The impact had killed the other driver instantly.

Officers Heed and Christensen, a block away from the accident at the time, saw and heard the crash. They arrived forty-five seconds later. When Heed approached appellant, he smelled a "strong odor of alcohol." When Heed asked appellant if he had been drinking, appellant responded, "If you think I have been drinking, I want to take a test." Other officers at the scene testified that they were of the opinion that appellant was under the influence of alcohol. Although appellant was told that he was not free to leave, he was not formally arrested at the scene.

Appellant was then transported to the hospital because he complained of back, arm, and shoulder injuries. The officer who rode with appellant in the ambulance did not place him under arrest at that time because appellant was agitated and unruly and the officer feared for his own safety. Later, at the hospital, appellant and a friend caused a disturbance.

At 12:51 a.m., police officers informed appellant that they wanted a blood sample because they had probable cause to believe appellant was driving under the influence of alcohol. Appellant had not yet been informed that the driver of the other vehicle was dead. Appellant said, "Okay," and extended his arm for the technician to draw blood. Thereafter, upon his release from the hospital at 2:35 a.m., appellant was arrested for vehicular homicide. His blood test showed an alcohol level of .21%.

At a pretrial motion to suppress the results of the blood test, defense counsel argued that because appellant had not been informed of the other driver's death prior to the blood test, there was no informed consent. The court ruled that even though no formal declaration of arrest was made until appellant was released from the hospital, he was actually restrained and, therefore, subject to de facto arrest at the scene, pursuant to Utah Code Ann. § 77–7–1 (1982). The court further found that even if appellant was not under actual arrest, he had consented to the blood test when he held out his arm and said, "Okay," and, therefore, the results of the blood test were admissible.

Appellant raises numerous issues on appeal, including: (1) whether the court erred

in restricting defense counsel's questioning of prospective jurors during voir dire; (2) whether the court erred in failing to suppress the results of appellant's blood test; and (3) whether photographs admitted were prejudicial and cumulative.

## VOIR DIRE

Appellant argues that the trial court erred in restricting defense counsel's questioning of prospective jurors during voir dire. The scope of voir dire is a matter within the sound discretion of the trial court, therefore, its rulings thereon will not be disturbed on appeal absent a demonstrated abuse of discretion. *Maltby v. Cox Constr. Co.*, 598 P.2d 336, 341 (Utah 1979). "All that is necessary for a voir dire question to be appropriate is that it allow 'defense counsel to exercise his peremptory challenges more intelligently.'" *State v. Worthen*, 765 P.2d 839, 845 (Utah 1988) (quoting *State v. Ball*, 685 P.2d 1055, 1060 (Utah 1984)). The court abuses its discretion when, "considering the totality of the questioning, counsel [is not] afforded an adequate opportunity to gain the information necessary to evaluate jurors." *State v. Bishop*, 753 P.2d 439, 448 (Utah 1988). "The appellant has the burden of establishing that reversible error resulted from an abuse of discretion." *Id.*

■ Appellant claims that the trial court's refusal to ask the prospective jurors whether they had directly or indirectly worked with insurance agencies or claims adjustment bureaus was prejudicial error. However, during voir dire, the veniremen identified themselves and their professions. One of the prospective jurors stated that she was employed as an insurance adjuster. She was not selected for the jury. Appellant did not show that this question was relevant to any other juror's potential bias against him. Since appellant failed to show any prejudice, the trial court did not abuse its discretion in disallowing the question.

## BLOOD TEST

■ Appellant also argues that the trial court erred in failing to suppress the results of his blood test because it was taken prior to arrest and he had not consented to the procedure. However, there is clear evidence to show that appellant consented to the blood test. At the scene of the accident, Heed had asked appellant if he had been drinking, to which appellant had responded, "If you think I have been drinking, I want to take a test." Later, at the hospital, when the officers told him that they had probable cause to suspect he was under the influence of alcohol and, therefore, wanted to draw blood, appellant put out his arm and said, "Okay." [1] These acts by appellant constituted actual consent. Because actual consent was given, no arrest was necessary and, therefore, the results of the blood alcohol test were admissible. *See State v. Cruz*, 21 Utah 2d 406, 446 P.2d 307, 309 (1968).

## PHOTOGRAPHS

Appellant finally argues that his conviction should be overturned because four photographs admitted into evidence were cumulative and irrelevant and, therefore, prejudicial under Rule 403 of Utah Rules of Evidence.

The police took many photographs of the accident scene. At trial, eleven photographs were admitted. They graphically showed how the collision had severed the bed from the other driver's pickup truck, had thrown the other driver back to where the bed of the truck had been, and that a clean sheet had been placed over the other driver's body, exposing only his tennis-shoe-clad foot. No blood was visible in any of the pictures.

■ The Utah Supreme Court has held that gruesome photographs should be excluded unless their probative value out-

---

1. Appellant states in his brief that because he was not informed that the blood test results could be used against him in an automobile homicide investigation, he did not give an informed consent. However, appellant failed to support this contention with any legal analysis or authority. We, therefore, decline to rule on it. *See State v. Amicone*, 689 P.2d 1341, 1344 (Utah 1984).

weighs their potential for unfair prejudice. *State v. Lafferty,* 749 P.2d 1239, 1256 (Utah 1988). Photographs that are only negligibly gruesome have little potential for unduly prejudicing the jury, however, so the court has found that their admission does not constitute an abuse of discretion. *State v. Valdez,* 748 P.2d 1050, 1055 (Utah 1987). The more inflammatory the photograph, the greater the need to establish its essential evidentiary value. *State v. Garcia,* 663 P.2d 60, 63–64 (Utah 1983). Conversely, the more essential the evidentiary value of the photograph, the greater the defendant's burden is to show that its inflammatory nature would be prejudicial to him. *Id.* Even gruesome photographs "are not inadmissible if they are probative of essential facts, even though they may be cumulative of other evidence." *Id.*

■ We find that the photographs in question were only negligibly gruesome. They merely show that a severe accident occurred, that appellant failed to use his brakes, and other facts relevant to respondent's case. Because this court defers to the trial court's decision absent a showing of abuse of discretion, and because we see no abuse of discretion, we find appellant's argument that the photographs were cumulatively irrelevant to be without merit.

We affirm appellant's conviction.

DAVIDSON and GREENWOOD, JJ., concur.