STATE OF NEBRASKA, APPELLEE, V. RUDOLPH G. SHERIDAN, APPELLANT.

434 N.W.2d 338

Filed January 20, 1989.   No. 88-330.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant was convicted of first degree sexual assault of his 7-year-old niece, following a bench trial, and was sentenced to imprisonment for 5 to 10 years. He has assigned as error that the trial court admitted the testimony of an investigating officer which included details of the incident told to him by the victim.

The victim testified that the defendant, her uncle, did "bad stuff"; that he touched her in "private spots"; that he touched her on the "bottom" and "where [she went] to the bathroom"; that she was lying down and did not have clothes on at the time; and that the defendant told her that he would hurt her. She further testified that she had told Officer Cisar, who came to her school, some of what had happened.

James G. Cisar, an officer of the Omaha Police Division, testified that he was called to the victim's school on April 7, 1987, to investigate an alleged sexual assault. The victim's aunt had come to the school principal with indications that the child had been sexually assaulted in the past week. Cisar interviewed the victim alone and asked her if something bad had happened to her in the past week. The victim then told the officer what had happened. Without objection, Cisar testified:

> Ah, at first she was reluctant to talk about it. She said that she had forgotten. And I made some statement to the effect that things like this are hard to talk about, and she agreed. She said, yes, they are. And I asked her if something had happened to her and she said that Junior had hurt her. And when I went to ask her how Junior had hurt her, I learned that she had been violated in—from what she said in the anus and in the vagina.

The record shows that the defendant's nickname is "Junior." When asked specifically what the victim had said, Cisar

testified over objection:

> Her specific phrasing was that Junior had touched her and hurt her. And I asked her where she—where he had hurt her at, where she had been touched at, and again, she was reluctant to talk about it. And I asked her if Junior had touched her on her feet and she said no. I asked her if Junior had touched her on her ankles and she said no. I asked her if Junior had touched her on her knees and she said no. And then I asked her if Junior had touched her between her legs, and she said yes. And I then asked her if Junior had touched her in the area where she goes potty or poopie, and she at first said that he had touched her where she goes potty. And then I asked her did he touch her where she goes poopie, and she said, yes, that he had.

The defendant contends the testimony which was received over objection should not have been admitted.

After being advised as to his *Miranda* rights, the defendant gave a statement to Officer Francisco Greco of the Omaha Police Division. When Greco asked the defendant if he had had any sexual contact with his niece, the victim, the defendant initially denied having any contact. Later, the defendant responded that it would have been possible if he was drunk, but he did not think so. In a later interview with Greco, after being reminded of his *Miranda* rights, the defendant admitted that he had in fact had sexual contact with his niece. Officer Greco testified that the defendant said that while watching "R"-rated movies, he would assault his niece. The sexual contact described included digital penetration of the victim's vagina. The defendant denied any other type of penetration.

The evidence which has been summarized was received at a hearing on a motion to suppress. After the motion had been overruled, the parties stipulated that the evidence could be considered for the purposes of the trial.

Richard Circo, an Omaha police officer, testified that after having advised the defendant of his *Miranda* rights preparatory to a polygraph examination, the defendant told him that on occasion in the prior 3 months the defendant had sexual contact with his niece in the form of digital penetration of her vagina.

The sole issue on the appeal is whether the admission of

Officer Cisar's testimony concerning the details of the sexual assault as the victim described them was reversible error.

> " 'The rule is well established in this state that in a prosecution for sexual assault, the prosecutrix may testify in chief on direct examination, if within a reasonable time under all the circumstances after the act was committed she made complaint to another, to the fact and nature of the complaint, but not as to its details; and that others may likewise testify in chief to such fact and nature of the complaint, but not as to its details. . . .' "

(Emphasis omitted.) *State v. Daniels*, 222 Neb. 850, 853, 388 N.W.2d 446, 449 (1986).

The admission of testimony which goes beyond the fact that a complaint was made is not always reversible error. In *State v. Guy*, 227 Neb. 610, 419 N.W.2d 152 (1988), such testimony was held to be harmless error since the evidence was cumulative and there was other competent evidence to support a finding of guilty. In view of the defendant's confession to two police officers in this case, the error in the admission of Officer Cisar's testimony concerning the victim's statement as to the details of the offense was harmless.

Since this was a trial to the court, it is presumed that the trial court disregarded evidence which should not have been admitted.

> In a case tried to the court without a jury, there is a presumption that the trial court, in reaching its decision, considered only evidence that is competent and relevant, and this court will not overturn such a decision where there is sufficient material, competent, and relevant evidence to sustain the judgment. *Barber v. Barber*, 207 Neb. 101, 296 N.W.2d 463 (1980); *Murdoch v. Murdoch*, 200 Neb. 429, 264 N.W.2d 183 (1978).

*State v. Tomes*, 218 Neb. 148, 150, 352 N.W.2d 608, 609 (1984). See, also, *State v. Methe*, 228 Neb. 468, 422 N.W.2d 803 (1988).

The judgment is affirmed.

AFFIRMED.