STATE OF NEBRASKA, APPELLEE, V. SALVADORE J. DIBAISE,
APPELLANT.
440 N.W.2d 223

Filed May 19, 1989.   No. 88-569.

Donald W. Kleine, of Kleine Law Office, for appellant.

Robert M. Spire, Attorney General, and Denise E. Frost for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Following a jury trial in the district court, the defendant was found guilty of theft by receiving stolen property worth more than $300 but less than $1,000, a Class IV felony. The defendant has appealed to this court, alleging as error the failure of the trial court to suppress evidence gathered pursuant to a search warrant, because the search warrant affidavit did not provide a substantial basis to conclude that probable cause existed to issue the warrant. We affirm.

On November 23, 1987, the police department of the city of Omaha received a phone call regarding an allegedly stolen motor vehicle. The anonymous caller stated he saw the defendant drive a maroon El Camino or Ranchero into his garage, and later heard through the grapevine that the vehicle had been stolen. During the course of the investigation of this call, it was discovered that on November 6, 1987, the police department had received a report that a maroon 1978 Chevrolet El Camino owned by Martin Furmanski had been stolen. After ascertaining that the motor vehicle had not yet been recovered, Officer Perales filed an affidavit and application for issuance

of a search warrant to search the defendant's house and garage.

A search warrant was obtained, and the subsequent search permitted the discovery of a 1978 El Camino in a dismantled condition in the defendant's garage. The serial number stamped on the door matched that of the vehicle reported stolen. A further search of items on the garage floor revealed an auto registration certificate and insurance cards, all of which contained the description of the stolen vehicle and the name of Martin Furmanski as the owner. At trial, Mr. Furmanski identified one of the pictures taken of this motor vehicle as depicting "what's left of my car."

Defendant's pretrial motion to suppress related to the suppression of the above-described items, as well as to some additional pictures of the vehicle and the inside of defendant's garage. At trial these exhibits were offered and received, and in each instance defense counsel stated that he had no objection to their reception. However, at the close of the State's case, defendant renewed his motion to suppress previously made before trial, which motion was overruled.

We need not consider defendant's motions to suppress. It is the rule in Nebraska that in order to preserve a question concerning the admissibility of evidence for review on appeal, it is necessary to object at trial to the admission of that evidence even though it was considered in a pretrial motion to suppress and also upon renewal of that motion at the close of the State's case, which motions were overruled. *State v. Davis,* 231 Neb. 878, 438 N.W.2d 772 (1989); *State v. Brockman,* 231 Neb. 982, 439 N.W.2d 84 (1989).

The judgment of the district court is affirmed.

AFFIRMED.