STATE OF NEBRASKA, APPELLEE, V. ELMER CHAPMAN, APPELLANT.

451 N.W.2d 263

Filed February 9, 1990.    No. 88-1072.

Rodney W. Smith for appellant.

Elmer Chapman, pro se.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Elmer Chapman appeals his Knox County felony jury conviction for intentionally, knowingly, or recklessly causing bodily injury to a deputy sheriff while the officer was performing his official duties. The defendant was sentenced to an indeterminate prison term of 20 months to 5 years for violating Neb. Rev. Stat. § 28-931(1) (Reissue 1989). We affirm.

On appeal, through counsel, the defendant contends that the trial court erred in (1) allowing testimony about an outstanding arrest warrant for the defendant and admitting the warrant into evidence; (2) allowing Chief Deputy Sheriff James F. Janecek to testify he had, in the past, observed the defendant in an intoxicated condition; (3) allowing Deputy Sheriff Don Henery to testify about a prior prison term served by the defendant; (4) admitting testimony about an experiment Janecek conducted with a female jailer, and the admission into evidence of two photographs taken during the experiment; and (5) failing to give an expert witness jury instruction in regard to testimony concerning the Janecek experiment.

In his pro se brief, the defendant claims (1) that his counsel was ineffective and (2) that the trial court erred in making prejudicial statements to the jury.

To prove the defendant guilty under § 28-931(1), it was necessary for the State to prove beyond a reasonable doubt each of the following elements of the crime charged: (1) that Janecek was a peace officer; (2) that at the time of the alleged offense, Janecek was engaged in the performance of his official duties as a peace officer; (3) that the defendant intentionally, knowingly, or recklessly caused bodily injury to Janecek while he was engaged in the performance of his official duties as a peace officer; and (4) that the foregoing acts occurred in Knox County, Nebraska, on or about March 12, 1988.

The defendant does not contest the sufficiency of the evidence or the sentence imposed. There was evidence from which a jury could find beyond a reasonable doubt the following. Around 1:15 a.m., March 12, 1988, Knox County

Chief Deputy Sheriff Janecek and Knox County Deputy Sheriff Henery responded to a complaint that the defendant was trespassing on a farm and that a vehicle had left the road at that location. The complainant named Chapman as the trespasser. At the time, there was an outstanding warrant for the defendant's arrest.

Upon the deputies' arrival at the farm, the temperature was dropping rapidly, and the onset of a blizzard was producing snow and blowing snow. The deputy sheriffs found that a vehicle had left the road, entered a ditch, gone through a fence, and come to rest down by a creek which ran through a cattle yard on the farm. The vehicle was stuck in the mud.

The sheriff's deputies found a brother of the defendant asleep in the front seat of the car. Footprints in the mud led across the creek, away from the vehicle. There was no mud on the feet of the defendant's brother when he was found. The defendant's brother was arrested for driving while intoxicated and placed in Janecek's cruiser. The owner of the farm confirmed that he had seen the defendant earlier on the farm. Thereupon, the two deputy sheriffs and the owner of the farm searched for the defendant. The search eventually led to a neighboring farmstead. The defendant was found attempting to light a cigarette inside a house. He was arrested on the outstanding arrest warrant and for trespassing, a misdemeanor committed in the officers' presence. Chief Deputy Janecek testified that Chapman was intoxicated and that the deputies believed they were protecting the defendant from the heavy snow, severe winds, and freezing temperatures of the blizzard.

After he was arrested, the defendant was placed in the back seat of Janecek's cruiser and was seated on the passenger side. His brother was seated behind Janecek, who was driving the cruiser. Deputy Henery was seated on the passenger side of the front seat.

In the cruiser, the defendant became verbally abusive and threatened Janecek. As the cruiser was being driven into Center, Nebraska, the defendant put his leg over the back of the front seat and kicked Janecek in the right temple. Janecek's eyeglasses were bent, his nose was scratched, and mud and manure covered his face. Janecek's right temple became

swollen, and his head began to ache. Subsequently, Chapman was charged with assault on a peace officer while the officer was in the performance of his official duties.

Defendant's first assignment of error claims the trial court erred in admitting testimony in regard to the outstanding arrest warrant for the defendant and in allowing the arrest warrant to be admitted into evidence. At trial, Deputy Janecek testified that his duties as a peace officer included making arrests pursuant to warrants. The record does not reflect that Chapman objected to this testimony. If a party does not make a timely objection to evidence, the party waives the right to assert on appeal prejudicial error concerning the evidence received without objection. *State v. Welsh*, 232 Neb. 219, 440 N.W.2d 225 (1989); *State v. Cox*, 231 Neb. 495, 437 N.W.2d 134 (1989).

The arrest warrant was received over a relevancy objection by the defendant. It is within the trial court's discretion to admit or exclude evidence, and such rulings will be upheld on appeal absent an abuse of discretion. *State v. Thomas*, 232 Neb. 490, 441 N.W.2d 186 (1989); *State v. Wakeman*, 231 Neb. 66, 434 N.W.2d 549 (1989). The prosecution may put into evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime with which the accused is charged, even though such facts and circumstances may tend to prove that the defendant committed other crimes. *State v. Coca*, 216 Neb. 76, 341 N.W.2d 606 (1983). The arrest warrant was relevant to prove that Janecek was engaged in the performance of one of his official duties. There was no abuse of discretion in admitting the arrest warrant into evidence. Defendant's first assignment of error is meritless.

Defendant's second assignment of error contends the trial court erred in allowing the testimony of Janecek when he stated that he had observed Chapman in an intoxicated condition in the past. Janecek testified that the defendant was intoxicated when they found him in the early morning hours of March 12, 1988. The witness was asked by the prosecutor if he had seen the defendant when he appeared to be under the influence of alcohol. Defendant objected on grounds of relevancy. The court overruled defendant's objection. Janecek answered affirmatively.

Janecek had testified that it was one of his duties to act as a safekeeper of intoxicated persons. It was apparently on that basis that the trial court found that evidence of defendant's prior intoxication was relevant to determine Janecek's ability to assess whether Chapman was so intoxicated that he was dangerous to himself or others. Neb. Rev. Stat. § 53-1,121 (Reissue 1988) provides that law enforcement officers may take an intoxicated person from any public or quasi-public property and place that person in civil protective custody when in the judgment of the officer the intoxicated person is dangerous to himself or others. Chapman was found on private property. Therefore, § 53-1,121 did not apply in this case. Consequently, evidence that Janecek had previously observed the defendant when he appeared to be under the influence of alcohol was irrelevant.

It is well established that a conviction will not be set aside in the absence of a showing that an error prejudiced the defendant. *State v. Burling*, 224 Neb. 725, 400 N.W.2d 872 (1987). Although the issue is not specifically addressed in his brief, Chapman apparently argues that evidence of defendant's prior intoxication was used for the impermissible purpose of proving the defendant's character and that he acted in conformity therewith. See Neb. Rev. Stat. § 27-404(2) (Reissue 1989). However, defendant fails to demonstrate that this evidence was used for that impermissible purpose or that he was otherwise prejudiced by the admission of this evidence.

Disregarding this evidence, there is overwhelming evidence upon which Chapman could be convicted beyond a reasonable doubt. Any error the trial court committed in admitting the evidence of defendant's prior intoxication was harmless beyond a reasonable doubt and provides no basis for reversing defendant's conviction. See *State v. Olsan*, 231 Neb. 214, 436 N.W.2d 128 (1989) (error must be harmless beyond a reasonable doubt). Defendant's second assignment of error is meritless.

The third assignment of error cited by the defendant alleges the trial court erred in allowing the testimony of Deputy Henery in regard to a prior prison term served by Chapman. Henery was asked to recount the conversation which took place between the deputies and the defendant as they were returning

to Center. Defendant objected that such a recount would be cumulative. Henery testified that Chapman was verbally abusive and stated, among other things, that the defendant wanted to kill Janecek and the chief of police because the defendant felt that the chief had been responsible for sending him to prison.

Overruling of defendant's objection was proper. The evidence corroborated Janecek's testimony and was relevant to prove Chapman's motive and intent to intentionally, knowingly, or recklessly cause bodily injury to Janecek.

The record further discloses that the defendant did not object to this testimony once it came to light, nor did he move to strike the testimony from the record. If a party does not make a timely objection to evidence, the party waives the right to assert on appeal prejudicial error concerning the evidence received without objection. *State v. Welsh*, 232 Neb. 219, 440 N.W.2d 225 (1989). Defendant's third assignment of error is meritless.

Defendant next claims that the trial court erred in admitting the testimony of Janecek in regard to an experiment which was conducted to show that it was physically possible for Chapman to have kicked Janecek from the back seat of the cruiser. Defendant also cites as error the admission of photographs of the experiment.

The State introduced two photos showing a female jailer similar in height to the defendant, with her arms placed behind her back and wrists touching as if handcuffed, seated in the rear of Janecek's cruiser. The jailer placed her feet over the front seat in the area of the driver's head. Defendant objected to the methodology of the experiment and to its foundation, which objections were overruled. Defendant then conducted a foundational voir dire and renewed his objections, but the photographs were received.

Improper admission of evidence constitutes nonreversible harmless error where the evidence is cumulative and there is other competent evidence to support the conviction. *State v. Sheridan*, 230 Neb. 979, 434 N.W.2d 338 (1989). The events surrounding the kicking of Janecek were testified to by both Janecek and Henery. Henery testified that he saw the defendant kick Janecek. Janecek testified that he grabbed the foot that

struck him and turned to find that the foot belonged to the defendant. The photographs of the experiment were cumulative. They merely corroborated the testimony of the deputies that Janecek could be kicked by a prisoner in the position in which the defendant was seated.

Defense counsel's final assignment of error claims the trial court erred in failing to give a jury instruction with regard to expert testimony concerning the experiment. A review of the record reveals that a proposed set of jury instructions was supplied to the defendant for review and was not objected to by counsel. Nothing in the record indicates that defendant requested an expert witness instruction. The failure to give such an instruction was not raised in the trial court. An issue not properly presented and passed upon by the trial court may not be raised on appeal. *State v. Boham*, 233 Neb. 679, 447 N.W.2d 485 (1989).

Chapman's pro se brief raises two additional assignments of error. Defendant alleges (1) that his counsel was ineffective and (2) that the trial court made prejudicial statements to the jury.

To sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution or article I, § 11, of the Nebraska Constitution, and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Nearhood*, 233 Neb. 767, 448 N.W.2d 399 (1989).

In arguing ineffectiveness of counsel, defendant first contends that counsel failed to investigate or present his theory of defense. Chapman's defense would have been that of diminished capacity on account of an illness and his use of "mind altering medication" at the time of the offense. Chapman's contention is without merit. The defense of diminished capacity does not exist in Nebraska. See *State v. Herren*, 212 Neb. 706, 325 N.W.2d 151 (1982).

Defendant further contends, however, that by reason of being on medication "he did not (and could not have had) have

the mental capacity (intent, and or willfulness) to commit or form the intent to assault anyone." Pro se brief for appellant at 3. Not only was the issue of the defendant's being on medication never presented to the trial court, but also nothing in the record indicates that defendant's counsel failed to consider Chapman's position. In addition, the defendant fails to demonstrate that he suffered prejudice by this alleged dereliction on the part of counsel. On the contrary, the abusive language and physical threat directed at Janecek just prior to the kicking provides ample evidence that the defendant acted intentionally, knowingly, or recklessly in kicking Janecek.

Chapman's second example cited in alleging ineffectiveness of counsel contends that counsel failed to utilize police reports regarding alleged inconsistencies between the actions and the testimony of Deputies Janecek and Henery. As an example, defendant points out that there were no attempts to photograph the chief deputy's injury or to seek medical attention. The record, however, reflects that defendant's counsel cross-examined both deputies and specifically inquired about Janecek's failure to receive medical treatment for the injury. More significantly, Chapman fails to set forth how the police reports could have been utilized or how he was prejudiced by counsel's alleged failure to use the police reports. A criminal defendant must demonstrate prejudice was suffered from ineffectiveness of counsel. *State v. Nearhood, supra.* Defendant's first pro se assignment of error is without merit.

Chapman's second pro se assignment of error claims that the trial court made prejudicial statements to the jury. Chapman further alleges that counsel's failure to object to those statements constituted ineffectiveness of counsel. After defendant rested, the trial court stated: "Ladies and gentlemen, that's got to be a record. Next February I'll be saying I've been a judge for 20 years and this has got to be the record for the shortest trial, so far as the evidence is concerned, I've had in that time."

We have stated that trial courts are to refrain from commenting on evidence or making remarks prejudicial to a litigant or calculated to influence the minds of the jury. See *State v. Bideaux*, 219 Neb. 718, 365 N.W.2d 830 (1985).

However, a defendant must demonstrate that a trial court's conduct, whether action or inaction during the proceeding against the defendant, prejudiced or otherwise adversely affected a substantial right of the defendant. *State v. Juhl, ante* p. 33, 449 N.W.2d 202 (1989).

Chapman asserts that the trial court's statement can only be construed negatively against him because the only evidence the defense offered was the testimony of the defendant. The comments made by the trial court were neutral in that they favored neither the defendant nor the State. They were not prejudicial, and defense counsel's failure to object to the comments did not amount to ineffective assistance of counsel. Chapman's final assignment of error is meritless.

AFFIRMED.