STATE OF NEBRASKA, APPELLEE, V. JAMES L. COLE, APPELLANT.
460 N.W.2d 665

Filed September 28, 1990.   No. 89-1343.

Thomas M. Kenney, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

James L. Cole, pro se.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

James L. Cole appeals his Douglas County jury convictions for knowingly or intentionally and unlawfully delivering controlled substances. Cole was found to be a habitual criminal and was sentenced to concurrent terms of not less than 10 nor more than 12 years' imprisonment. We affirm.

Through his lawyer, Cole assigns as error that the trial court erred in admitting, over objection, evidence of controlled substances found inside Cole's house, the possession of which substances the defendant was not charged.

About 9:45 p.m. on June 5, 1989, Officer Kevan Barbour of the Omaha Police Division, in an undercover capacity, went to 3210 North 16th Street in Omaha to attempt the purchase of Ritalin and Talwin, both controlled substances. Ritalin and Talwin are used as a "set" and when combined and melted may be injected into the body to produce a heroinlike effect. Barbour approached Cole's house on foot. He passed through a fenced area and walked up to a screened-in front porch. Seated inside the porch was Monte Gary, of whom Barbour asked, "[I]s anything happening[?]" (drug jargon for inquiring whether there are any drugs for sale). Gary replied, "[Y]es," and yelled into the house. The defendant appeared in the doorway. After the defendant had a short conversation with Gary, Cole said, "[T]ell him to come in." Barbour entered the porch and asked Cole for a "set." Cole nodded affirmatively, walked to the south side of the porch, sat down, and handed Barbour one Ritalin and one Talwin tablet ("direct-buy set") in exchange for $20. Barbour then asked if Cole had "rock" (crack cocaine) for sale. Barbour was wearing a body transmitter and "rock" was the code word used to let backup police officers know a sale had been completed. Cole said he did not have any rock, but that he would refer Barbour to someone. At that point, six police officers wearing jackets bearing the words "Omaha Police" ran toward the house. Cole immediately ran into the house and into the basement. Since Barbour had no weapon or flashlight, he waited at the top of the stairs approximately 45 seconds for backup officers to arrive. As the officers descended into the basement, Cole was observed coming out of the basement laundry room and was

arrested. Entering the laundry room, Barbour found one Ritalin and one Talwin tablet ("basement set") lying on the floor. The $20 paid by Barbour to Cole for the direct-buy set was never found by the police.

A second amended information filed August 28, 1989, charged Cole with the Class III felony of unlawfully knowingly or intentionally distributing, delivering, or dispensing methylphenidate (Ritalin), a controlled substance. See Neb. Rev. Stat. § 28-416(1)(a) and (2)(b) (Cum. Supp. 1988). Another count charged Cole with the Class IV felony of unlawfully knowingly or intentionally distributing, delivering, or dispensing pentazocine (Talwin), a controlled substance. See § 28-416(2)(c). Both charges were based on the direct-buy set. Cole was also charged with transportation or possession of a short shotgun, see Neb. Rev. Stat. § 28-1203(1) (Reissue 1989), and the possession by a felon of a firearm with a barrel less than 18 inches, see Neb. Rev. Stat. § 28-1206(1) (Reissue 1989), both Class IV felonies. A Class III felony carries a penalty of not less than 1 nor more than 20 years' imprisonment, up to a $25,000 fine, or both. A Class IV felony carries a penalty of not more than 5 years' imprisonment, up to a $10,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1985). Finally, Cole was charged with being a habitual criminal. When a defendant is found to be a habitual criminal, the penalty for a felony of which he is convicted is enhanced to not less than 10 nor more than 60 years' imprisonment. Neb. Rev. Stat. § 29-2221 (Reissue 1989).

At a pretrial hearing, the trial court dismissed the two weapons charges on the prosecution's motion, which conceded that Omaha police had no authority to search where the weapons were found. The trial judge overruled Cole's motion to suppress any of the Ritalin and Talwin tablets seized by police. The court held that although there was no search warrant, the direct-buy set was purchased outside the defendant's house and that exigent circumstances justified entry into the house, where the basement set was found.

Following a September 1989 trial, the jury found the defendant guilty on the two controlled substance charges.

First to be considered is the assignment of error raised by Cole's lawyer that "[t]he trial court erred in admitting, over

objection, evidence as to controlled substances found inside [Cole's] house, the possession of which the Defendant was not accused." It relates only to the Ritalin and Talwin tablets found in the laundry room in the basement of Cole's residence. They were the only controlled substances seized by the police officers and offered into evidence with whose possession or delivery Cole was not charged. As previously stated, the trial court refused to suppress the basement set of Ritalin and Talwin after a suppression hearing.

Although Cole claims that at trial he objected to the basement set, the record reflects that when the basement set was offered in evidence at trial, there was no objection. Instead, Cole objected on relevancy grounds to a foundational question to the State's expert concerning the direct-buy set. That objection was properly overruled. There was no objection when each set of controlled substances was offered and received into evidence.

In a criminal trial, after a pretrial hearing and order overruling a defendant's motion to suppress evidence, the defendant must perform the additional procedural step of objecting at trial to admission of the evidence which was the subject of the suppression motion in order to preserve the question of admissibility for appeal. *State v. DiBaise*, 232 Neb. 217, 440 N.W.2d 223 (1989) (citing *State v. Davis*, 231 Neb. 878, 438 N.W.2d 772 (1989), and *State v. Brockman*, 231 Neb. 982, 439 N.W.2d 84 (1989)); *State v. Sock*, 227 Neb. 646, 419 N.W.2d 525 (1988).

The issue of alleged improper admission into evidence of the basement set of controlled substances at trial was not preserved for appeal and, therefore, the assignment of error in that regard is meritless.

In a pro se supplemental brief, Cole claims, in a single assignment of error, that law enforcement officers violated his "fourth amendment rights as protected by the constitutions [sic] of the State of Nebraska and the U.S. Constitution" when the officers, without a warrant, (1) entered upon defendant's premises, (2) purchased alleged controlled substances, (3) arrested the defendant, and (4) made a search and seizure of evidence within the defendant's home.

After the State had dismissed the weapons charges against Cole, the parties, at the pretrial suppression hearing, then agreed that Cole's suppression motion pertained only to the controlled substances, Ritalin and Talwin, which were involved in the case. As previously noted, when the physical evidence of each set of controlled substances was offered in evidence, Cole made no objection to the offer, and each exhibit was received in evidence without objection. Under such circumstances any objection to the exhibits was waived. See *State v. Kudlacek*, 229 Neb. 297, 426 N.W.2d 289 (1988). If a party fails to make a timely objection to evidence, the party waives the right to assert on appeal prejudicial error concerning the evidence received without objection. Neb. Evid. R. 103(1)(a), Neb. Rev. Stat. § 27-103(1)(a) (Reissue 1989); *State v. Chapman*, 234 Neb. 369, 451 N.W.2d 263 (1990). See, also, *State v. Vann*, 230 Neb. 601, 432 N.W.2d 810 (1988).

In regard to the other issues raised by Cole's pro se assignment of error, " ' "[e]xcept in the most unusual of cases, for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. If not so raised, it will be considered to have been waived." ' " *State v. Moore*, 235 Neb. 955, 956-57, 458 N.W.2d 232, 234 (1990) (quoting *State v. Moore*, 226 Neb. 347, 411 N.W.2d 345 (1987), quoting *State v. Brand*, 219 Neb. 402, 363 N.W.2d 516 (1985)); *State v. Jordan*, 229 Neb. 563, 427 N.W.2d 796 (1988); *State v. Ledingham*, 217 Neb. 135, 347 N.W.2d 865 (1984). The fourth amendment issues were not submitted for disposition or preserved for appeal at the trial level. In reviewing the record of this case, we have found no plain error. Therefore, Cole's pro se assignment of error is meritless.

The judgment of the district court is affirmed.

AFFIRMED.