STATE OF NEBRASKA, APPELLEE, V. AARON C. GIBBS, APPELLANT.

470 N.W.2d 558

Filed June 7, 1991.   Nos. 81-920, 82-026, 82-027.

Michael J. Lehan, of Kelley, Kelley & Lehan, P.C., for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

This is a consolidated appeal of four separate Douglas County felony convictions of defendant, Aaron C. Gibbs, that were reinstated as direct appeals by virtue of the decision from the U.S. Court of Appeals for the Eighth Circuit, based on ineffective assistance of counsel, finding that "Gibbs has never had a full adversarial briefing on all arguable issues before the state court much less a meaningful appellate determination as to whether any exist." *Gibbs v. Dahm*, No. 88-2319, slip op. at 3 (8th Cir. May 30, 1989).

Gibbs challenges his 1981 convictions of burglary in case No. 81-920, see Neb. Rev. Stat. § 28-507(1) (Reissue 1989); of escape in case No. 82-027, see Neb. Rev. Stat. § 28-912(1) (Reissue 1989); and of two counts of receiving stolen property in case No. 82-026, see Neb. Rev. Stat. §§ 28-517 (Reissue 1989) and 28-518 (Reissue 1979). Gibbs received an aggregate sentence of 10 to 19 years' imprisonment. We affirm.

In Gibbs' direct appeals of the escape and receiving stolen property convictions, his appointed counsel filed a motion and brief seeking to withdraw, following the procedure in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The motion was granted and Gibbs' sentences were affirmed by this court. See *State v. Gibbs*, 211 Neb. xxi (case Nos. 82-026, 82-027, May 12, 1982).

In Gibbs' direct appeal of the burglary conviction, his appointed counsel in like manner filed a motion and brief. This court advised Gibbs of his right to respond, to which Gibbs personally replied with a motion to dismiss the appeal without prejudice. Accordingly, Gibbs' appeal was dismissed. See *State v. Gibbs*, 212 Neb. xxii (case No. 81-920, Sept. 8, 1982).

After the state district court denied Gibbs postconviction relief on all four convictions, Gibbs filed a federal habeas corpus action. The federal district court ordered that the writ of habeas corpus be granted on the basis of Gibbs' ineffective assistance of counsel. The U.S. Court of Appeals for the Eighth Circuit affirmed, and this court has since reinstated each of

Gibbs' direct appeals.

Gibbs' seven assignments of error combine to urge error, (1) in the burglary conviction, in the trial court's not suppressing an identification tainted by unnecessarily suggestive pretrial identification procedures; (2) in the escape and receiving stolen property convictions, in the trial court's accepting guilty pleas that were not intelligently and voluntarily made because Gibbs was not advised at the time that he entered each guilty plea that each sentence could be imposed consecutively; (3) in the burglary and receiving stolen property convictions, in the trial court's not affording Gibbs a speedy preliminary hearing and trial; (4) in all four convictions, in denying Gibbs effective assistance of counsel; and (5) in all four convictions, in the trial court's imposition of excessive sentences.

## I. FACTUAL SUMMARIES

### 1. BURGLARY CONVICTION, CASE NO. 81-920 (JURY TRIAL)

On the morning of December 15, 1980, the home of Karen Mason and her two sons, Robert, age 13, and John, age 8, was burglarized. At approximately 7 a.m., Robert left home to catch the schoolbus. The bus stop is only two houses away from the Mason residence. At the bus stop, Robert met his friend, Cathy Batter. Cathy told Robert that while she was walking to the bus stop, a car had followed her. She informed Robert that she got scared and ran to the bus stop after the occupants of the car had rolled down their window.

They boarded the schoolbus, and as the bus passed in front of the Mason residence, Cathy pointed out to Robert that the car was parked near his house. Looking out the bus window, Robert noticed that there were three men standing next to the car, who were pointing at his house. Robert testified that the schoolbus came within 5 feet of the three men. He further testified that as the bus passed, he got a 30-second look at their faces and, as a result, would be able to recognize two of them again if he were to see them.

Robert became suspicious. He and Cathy exited the bus at its next stop. While walking toward his house, Robert saw a man, later identified as Gibbs, walking toward the car he had previously observed. Robert testified that he came within 10 or

15 feet of Gibbs and that he had an opportunity to see him for approximately 1 minute. Robert then hid behind a bush that was located across the street from his house. He observed Gibbs walk into his driveway, and he saw someone open the garage door.

Alarmed, Robert hurriedly went to a friend's house, and the police were called. Next, he returned to his hiding place in the bushes, and then, having determined that everyone was gone, Robert entered his house and discovered that it had been burglarized.

The next day, on December 16, 1980, Robert identified Frederick Perkins and Gibbs in a five-man photographic array, prepared by Officer Wolf, as being two of the men seen in front of his house. The array consisted of separate photos of the faces and upper torsos of five individuals, one of whom was Gibbs. As a result of the identification, Gibbs was arrested on December 30, 1980.

At a suppression hearing, Robert again identified Gibbs as the man he had seen outside his house on the morning of December 15, 1980. The trial court then ruled that the "photograph identification by Robert Mason was not unduly suggestive and is admissible at time of trial." On October 29, 1981, at trial, Robert Mason again identified Gibbs as a perpetrator of the burglary.

Following the jury trial, Gibbs was found guilty, and Gibbs was sentenced to 4 to 6 years' imprisonment, with credit for 141 days served.

## 2. ESCAPE CONVICTION, CASE NO. 82-027 (GUILTY PLEA)

On September 15, 1981, Gibbs was charged with escape after he ran out of a courtroom on September 3, 1981. Gibbs was arrested in the hall and returned to custody.

On November 24, 1981, Gibbs pled guilty to the escape charge. The court determined that there was a factual basis for the charge and accepted Gibbs' plea. On December 18, 1981, Gibbs was sentenced to 2 to 5 years' imprisonment, with credit for 108 days served. The escape sentence was to run consecutively to the receiving stolen property and burglary sentences.

### 3. RECEIVING STOLEN PROPERTY CONVICTIONS, CASE NO. 82-026 (GUILTY PLEAS)

On October 20, 1981, Gibbs was charged with two counts of receiving stolen property. Count I charges Gibbs with the possession on October 15, 1980, of a 1979 Mercury Cougar stolen from Rosen Novak Chevrolet. Count II charges Gibbs with the possession on October 23, 1980, of a 1980 Buick Century sedan stolen from Barbara Magnuson.

On November 24, 1981, pursuant to a plea bargain, Gibbs entered pleas of guilty to both counts of receiving stolen property. The court determined that there was a factual basis for both counts and accepted Gibbs' guilty pleas. On December 18, 1981, the court sentenced Gibbs to 2 to 4 years' imprisonment on each of the receiving stolen property counts. The sentences for the receiving stolen property counts were to run consecutively to each other as well as to the burglary sentence.

Additional facts are later discussed.

## II. ANALYSIS

### 1. SUPPRESSION OF PHOTOGRAPHIC IDENTIFICATION

In his first assignment of error, Gibbs contends that the use of the photographic array was so unduly suggestive that his suppression motion should have been sustained.

In determining the correctness of a trial court's ruling on a motion to suppress, the Supreme Court will uphold the trial court's findings of fact unless those findings are clearly erroneous. *State v. Garcia*, 235 Neb. 53, 453 N.W.2d 469 (1990); *State v. Sardeson*, 231 Neb. 586, 437 N.W.2d 473 (1989). In making this determination, the Supreme Court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that the trial court has observed the witnesses testifying in regard to such motions. *State v. Garcia, supra*; *State v. Sardeson, supra.*

At the suppression hearing, Robert Mason testified as to the identification procedures used by Officer Wolf for the photographic array on December 16, 1980. Officer Wolf laid out five photographs on a table face up and asked Robert if he

could identify any of the photos as being of a person at the scene. According to Robert's testimony, he was able to identify Gibbs from the burglary because he remembered Gibbs' face structure and his nose and eyes.

With regard to the use of photographic arrays, this court has held that whether identification procedures were unduly suggestive and conducive to a substantial likelihood of irreparable mistaken identification is to be determined by a consideration of the totality of the circumstances surrounding the procedures. *State v. Price*, 229 Neb. 448, 427 N.W.2d 81 (1988), citing *State v. Swoopes*, 223 Neb. 914, 395 N.W.2d 500 (1986), which also held that "an array of five photographs is sufficient to constitute a fair and adequate array when attempting to identify a single perpetrator." 223 Neb. at 918, 395 N.W.2d at 504.

Gibbs claims the photographic array was unduly suggestive because, in the five photographs, Gibbs was the only individual depicted without facial hair. There is nothing in the record to indicate that the lack of facial hair was the method by which Robert Mason differentiated between the five photographs. Robert testified that he remembered Gibbs from the burglary because of Gibbs' face, nose, and eyes. He stated that he remembered Gibbs' nose because it was flared. Officer Wolf testified that Robert picked out Gibbs after looking at the photographs for a couple of minutes. An examination of the five photographs shows that Gibbs' dress, height, weight, age, and hairstyle in no way singled him out from the other four individuals. Even if the array had been improper, Robert's identification of Gibbs at trial was completely supported, independently, by Robert's observations at the time of the burglary. In that connection, the totality of circumstances supports a finding that the identification was based on his observation of Gibbs during the burglary and was the basis for the subsequent identification. See *State v. Richard*, 228 Neb. 872, 424 N.W.2d 859 (1988). There was no error in denying the motion to suppress.

## 2. Intelligent and Voluntary Pleas

The second summarized assignment of error contends that

Gibbs' guilty pleas to the charges of escape and theft by receiving stolen goods were not made intelligently and voluntarily because the court failed to inform Gibbs that the sentences for his convictions might run consecutively.

In order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly, the court must inform the defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). We also held in *Irish* that it was sufficient for the trial court to explain the possible range of penalties for each crime and that it was not necessary to explain that each sentence might run concurrently or consecutively to any other sentence imposed.

In the instant case, Gibbs argues that *State v. Irish, supra*, was not the law in effect at the time he entered his guilty pleas. Gibbs points out that in 1981, the year in which his pleas were entered, *State v. Irish, supra*, had yet to be decided. Therefore, according to Gibbs, this court must apply *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971), because it was the law in effect at the time of his pleas. See *State v. Schaeffer*, 218 Neb. 786, 359 N.W.2d 106 (1984).

Gibbs asserts that under *State v. Turner, supra* at 426, 183 N.W.2d at 765, this court held that the ABA Standards Relating to Pleas of Guilty "outline what should be the minimum procedure in the taking of such pleas." Further, he asserts that the ABA standards provide that a defendant pleading guilty should be advised of the effect which may result from the possible imposition of consecutive sentences.

As ingenious as Gibbs' argument may appear, we are not persuaded. In *State v. Turner, supra*, this court stated that the ABA standards outline what *should* be the minimum procedure, which suggests that the ABA standards are discretionary and not mandatory in nature. Therefore, the trial court's failure to inform Gibbs that the sentences for his convictions might run consecutively does not constitute reversible error. Furthermore, Gibbs presumes that this court

would not have explicitly rejected the ABA standards as a guideline in this area if it had been given an earlier opportunity. This court may well have rejected the ABA standards in 1981 had Gibbs' cases been heard.

### 3. Failure to Receive a Speedy Preliminary Hearing and Trial on the Burglary Charge or the Receiving Stolen Property Charges

Gibbs' third summarized error contends that he was not afforded a speedy preliminary hearing and trial on either the burglary charge (case No. 81-920) or the receiving stolen property charges (case No. 82-026), contrary to Neb. Rev. Stat. § 29-1207 (Reissue 1989) and to the Constitutions of the United States and Nebraska. Section 29-1207 requires trial within 6 months from the filing of the information.

### (a) Burglary Charge

The original municipal court complaint charging Gibbs with burglary was filed on January 2, 1981. Although there is no explanation, the record indicates that Gibbs' preliminary hearing was continued on February 25, 1981, until August 7, 1981. On August 7, 1981, Gibbs' preliminary hearing was held, wherein probable cause was found and Gibbs was bound over. On August 11, 1981, the information was filed against Gibbs charging him with burglary. The jury trial commenced on October 29, 1981, and Gibbs was found guilty. Gibbs now claims there was more than a 6-month delay between the filing of the original complaint and the preliminary hearing, the filing of the information, and the jury trial, constituting a violation of his constitutional right to a speedy trial and a violation of his right to an absolute discharge, as provided in Neb. Rev. Stat. § 29-1208 (Reissue 1989).

Neb. Rev. Stat. § 29-1209 (Reissue 1989) provides: "Failure of the defendant to move for discharge prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to speedy trial."

It is the duty of the trial court and the prosecutor to bring defendants in criminal cases to trial within the time provided by section 29-1207 [Reissue 1989]. However, under the provisions of section 29-1209 [Reissue 1989], it

is incumbent upon defendant and his counsel to file a timely motion for discharge in order to avoid the waiver provided for by that statute.

(Syllabus of the court.) *State v. Hert*, 192 Neb. 751, 224 N.W.2d 188 (1974). Gibbs failed to timely raise his right to discharge under the statute.

Under the provisions of the U.S. and Nebraska Constitutions, the right to a speedy preliminary hearing and trial is relative and depends upon existing circumstances; it is not denied where the delay is satisfactorily explained by the government and the defendant was brought to trial as soon as was reasonably possible. *State v. McNitt*, 216 Neb. 837, 346 N.W.2d 259 (1984) (construing U.S. Const. amend. VI and Neb. Const. art. I, § 13). Moreover, even the "unexplained delay between arrest and arraignment or preliminary hearing does not demonstrate a violation of the right of speedy trial in the absence of prejudice." *SapaNajin v. Johnson*, 219 Neb. 40, 41-42, 360 N.W.2d 500, 501 (1985), citing *State v. Ellis*, 184 Neb. 523, 169 N.W.2d 267 (1969).

Here, there was a search and review by counsel of all available records; however, there is no showing as to the reason or reasons for the delay, nor a showing that the delay was purposeful or oppressive. Furthermore, Gibbs makes no showing that the pretrial delay caused substantial prejudice to his right to a fair trial. Any claim of possible prejudice to Gibbs resulting from the delay in the preliminary hearing and trial is speculative. There is no merit to this claimed error except as may relate to ineffective counsel.

### (b) Receiving Stolen Property Charges

Gibbs further contends that his convictions for receiving stolen property violated his right to a speedy trial.

The record indicates that on October 20, 1981, Gibbs was charged in a two-count information with two counts of receiving stolen property. The first count charges Gibbs with the possession on October 15, 1980, of a 1979 Mercury Cougar stolen from Rosen Novak Chevrolet. The second count charges Gibbs with the possession on October 23, 1980, of a 1980 Buick Century sedan stolen from Barbara Magnuson. The record

shows that on November 24, 1981, Gibbs pled guilty to both counts, which pleas were made 2 months after the filing of the information. There was no delay.

#### 4. INEFFECTIVE ASSISTANCE OF COUNSEL

Gibbs' fourth assignment of error and the basis for reinstatement of this appeal is the claim that he was denied effective assistance of counsel at the time of his appeals in 1981 and 1982.

At issue here are the motions supported by briefs of the public defender's office asking for leave to withdraw as counsel for Gibbs in the direct appeals. The motions attempted to comply with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); however, the U.S. Court of Appeals for the Eighth Circuit found them insufficient, since "they do not refer with advocacy to all claims which might have arguably supported Gibbs' appeal," *Gibbs v. Dahm*, No. 88-2319, slip op. at 3 (8th Cir. May 30, 1989), and no prejudice need be shown in light of *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). As arguable error has now been briefed as required in *Penson*, we review all of the records and proceedings.

To sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution or article I, § 11, of the Nebraska Constitution, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *State v. Chapman*, 234 Neb. 369, 451 N.W.2d 263 (1990). A criminal defendant must demonstrate prejudice was suffered from ineffectiveness of counsel. *Id*. Defendant has the burden of demonstrating ineffective assistance of counsel, and the record must affirmatively support the claim. *State v. Domingus*, 234 Neb. 267, 450 N.W.2d 668 (1990). *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), provides:

> First, the defendant must show that counsel's performance was deficient. This requires showing that

counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

An examination of the record reveals that Gibbs has failed to meet the two-pronged test described in *State v. Chapman, supra.* Gibbs' argument does not show how counsel either was deficient or made serious errors, or that there is a reasonable probability that, but for deficiencies of counsel, the outcome of his cases would have been different. Counsel does argue that defendant's cases were prejudiced by counsel's inaction, since defendant has already served most of his sentences, and the only proper decision of this court is to reduce the sentences imposed, as provided in Neb. Rev. Stat. § 29-2308 (Reissue 1989). There is no showing that Gibbs did not receive a fair hearing, and there is no showing that Gibbs was prejudiced by his counsel's actions concerning the failure of counsel to file a timely motion for discharge, see § 29-1209, in the burglary case. There is no record before us from which we can fully consider the fact question that required an evidentiary hearing; therefore, we cannot consider it. See, *State v. Hert,* 192 Neb. 751, 224 N.W.2d 188 (1974); *State v. Dixon,* 223 Neb. 316, 389 N.W.2d 307 (1986). Gibbs has not shown that he was denied effective assistance of counsel except in the instance of his direct appeals to this court, and that has been remedied by the reinstatement of these appeals.

## 5. EXCESSIVE SENTENCES

A sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed. *State v. Glover,* 236 Neb. 402, 461 N.W.2d 410 (1990); *State v. Garza,* 236 Neb. 215, 459 N.W.2d 747 (1990).

A review of the presentence report shows that Gibbs has a lengthy criminal record beginning as a juvenile, age 15 years, including a felony conviction for burglary and juvenile violations involving burglary and auto theft. At the time of his guilty pleas for the escape and receiving stolen property charges, three other felony charges were dismissed as a part of the plea bargain. There was no error in the sentences imposed.

AFFIRMED.