STATE OF NEBRASKA, APPELLEE, V. JOSEPH J. WALKER, APPELLANT.

461 N.W.2d 755

Filed November 2, 1990.   No. 89-1296.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Denise E. Frost for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Defendant, Joseph J. Walker, appeals from his conviction in the Douglas County District Court of unlawful possession of a controlled substance, cocaine, with intent to deliver, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1988). After a jury trial, defendant was found guilty and was later sentenced to a term of imprisonment of not less than 5 nor more than 10 years, with credit given for 162 days previously served. We affirm.

On this appeal, defendant assigns the following errors: (1) The district court erred in overruling defendant's motion to suppress physical evidence, and (2) the district court erred in overruling defendant's motion to suppress statements made to Omaha police officers during defendant's interrogation.

On April 11, 1989, at 4 p.m., Officer Kevan Barbour of the Omaha Police Division received a telephone call from an unknown private security officer, who told Barbour about narcotics activity taking place at 16th and Lothrop Streets in Omaha. In an attempt to verify the validity of the call, Officer Barbour asked the caller a series of questions regarding the alleged narcotics activity. The questions concerned the location of the activity, the type of activity occurring, and what led the caller to believe it was drug-related activity. Once he was satisfied that it was not a prank phone call, Officer Barbour had a cruiser dispatched to the area to investigate drug activity, specifically the sale of narcotics taking place out of a cream-colored vehicle containing four black males in the 16th and Lothrop Streets vicinity.

At approximately 4:15 p.m., Omaha Police Officer John

Swanson and his partner, Officer Kurt Sorys, received the dispatch and proceeded to investigate the tip. Upon their arrival in the area, the officers saw several cars parked along the street, including a 1972 mustard-colored car with three black male occupants which "stood out" among the other vehicles. As the officers approached the car, they saw the front seat passenger make a "startled look" and quickly remove something from his pocket. Officer Swanson asked this passenger to step out of the car and then proceeded to do a pat-down search of the passenger. Officer Swanson found nothing remarkable on this man's person, but saw an empty .38-caliber shell in the spot where the man had been seated. Officer Sorys then searched the driver and found four live shells and a pocketknife. Finally, the officers had defendant, who was the back seat passenger, leave the car for a pat-down search. Officer Swanson found "a plastic Baggie containing eight snow seals containing cocaine" on the floor in the area where defendant had been seated. All three people were arrested and taken to the Omaha police station for questioning.

At approximately 5:10 p.m. on April 11, 1989, Omaha Police Officer Donald Truckenbrod advised defendant of his constitutional *Miranda* rights, using the standard rights advisory form, which requires yes or no answers to a series of questions, including questions concerning his rights to remain silent and to have his attorney present during questioning. Defendant answered each question affirmatively and coherently, indicating he knew his rights and was willing to talk to Officer Truckenbrod at that time. The interview proceeded, and defendant admitted that the drugs were his.

Defendant's first assignment of error is that the district court "erred in overruling Defendant's [pretrial] motion to suppress physical evidence" seized during the investigation. The evidence seized was a plastic bag containing eight individually wrapped packets of cocaine. The individual packets are commonly called "snow seals." Before the trial, a hearing was held on defendant's motion to suppress, and the court denied the motion. The record shows that this evidence was offered and received at trial with no objection from defendant. We have held that "to preserve a question concerning the admissibility of

evidence for review on appeal, it is necessary to object at trial to the admission of that evidence even though it was considered in a pretrial motion to suppress . . . ." *State v. DiBaise*, 232 Neb. 217, 218, 440 N.W.2d 223, 224-25 (1989); *State v. Boppre*, 234 Neb. 922, 453 N.W.2d 406 (1990). Defendant did not object to the admission of the evidence at trial. His first assignment of error is without merit.

Defendant's second assignment of error is that the district court erred in overruling his motion to suppress the statements that he made to Officer Truckenbrod during his initial interview. This court ruling was made after a pretrial hearing on defendant's motion to suppress his statements. Timely objections were made to the introduction of the statements at trial and were overruled. By his assignment of error in this regard, defendant presents only the question of the trial court's ruling at the hearing on defendant's motion to suppress his statements. Since defendant did object at trial to the introduction of his statements, contrary to the situation presented in *State v. Pointer*, 224 Neb. 892, 402 N.W.2d 268 (1987), his contention will be considered and the sufficiency of the evidence in connection with the trial court's order at the suppression hearing will be reviewed.

Defendant does not contend that his *Miranda* rights were violated, but that his statements were not freely and voluntarily given, and, thus, his constitutional rights under the 5th and 14th amendments were violated. He contends that his statements were not freely and voluntarily given because he had been drinking alcoholic beverages throughout the day and had injected himself with heroin shortly before the arrest. Defendant attempts to bring himself within the statement in *State v. Bodtke*, 219 Neb. 504, 510, 363 N.W.2d 917, 922 (1985): "If an accused lacks sufficient powers of reason and volition, the most meticulous explanation of constitutional rights will not make a statement voluntary."

The Supreme Court will uphold the findings of fact made by the trial court on a motion to suppress unless those findings are clearly erroneous. *State v. Hayes*, 229 Neb. 53, 424 N.W.2d 624 (1988). In considering whether the trial court's findings were clearly erroneous, this court is mindful that the trial court

observed the witnesses who testified regarding the motion to suppress. *Id.*

We have held that before a defendant's statements or confessions are admissible in evidence, the State must show that the accused's statements were made freely and voluntarily and were not the product of any direct or implied promise or any inducement, no matter how slight. See, *State v. Hayes, supra; State v. Hankins,* 232 Neb. 608, 441 N.W.2d 854 (1989).

To determine voluntariness, the trial court looks to the totality of the circumstances, and, absent an abuse of discretion, a determination by the trial judge that a confession was made voluntarily will not be overturned on appeal. *State v. Clark,* 228 Neb. 599, 423 N.W.2d 471 (1988); *State v. Hankins, supra.*

In this case, defendant testified at the suppression hearing that he had been drinking gin and beer throughout the day of his arrest and that he had injected heroin that afternoon as well. Defendant also testified that as a result of his drinking and ingesting drugs, "I know that I couldn't have gave, you know, coherent answers to whatever he [the police officer] was saying."

The record also reflects that the interrogating officer, Truckenbrod, had much experience with suspects under the influence of drugs, alcohol, or both and in determining whether such suspects exhibited any signs of inability to answer questions voluntarily. The officer testified that defendant indicated that he understood the questions being asked; that he did not complain of being tired, hungry, thirsty, or sick during the interview; and that he answered questions in a coherent manner. The officer testified that defendant's faculties were not impaired at the time of defendant's statements.

There is the initial factual question as to whether defendant had actually ingested alcohol and drugs in the amounts defendant described. There is then the factual question as to what effect those substances, if ingested, had on defendant. There was sufficient evidence under the totality of the circumstances for the trial judge to find that defendant's statements were made voluntarily. At the suppression hearing, the trial court specifically found by virtue of defendant's

testimony regarding specific occurrences during the questioning that he "had his faculties with him at the time he was being interviewed. If he can remember those things, he's remembering what he wants to remember." The factual findings by the trial court were not clearly wrong, and the trial court did not abuse its discretion in denying defendant's motion to suppress his statements.

The judgment and sentence are affirmed.

AFFIRMED.