STATE OF NEBRASKA, APPELLEE, v. MAURICE T. DAVIS, APPELLANT.
483 N.W.2d 554

Filed May 8, 1992.    No. S-90-1023.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

After trial to the court, sitting without a jury, defendant-appellant, Maurice T. Davis, was convicted of possession with intent to deliver a controlled substance (crack cocaine), in violation of Neb. Rev. Stat. § 28-416(5)(a) (Reissue 1989). After a presentence investigation, defendant was sentenced to 5 to 6 years in the Department of Correctional Services, with credit of 226 days being given on such sentence.

Defendant timely appealed, and in this court assigns three errors, contending that the trial court erred (1) in overruling defendant's motion to suppress physical evidence seized, (2) in overruling defendant's motion to suppress statements made by the defendant, and (3) in convicting defendant, where the evidence was insufficient to support his conviction. We affirm.

In reviewing a criminal conviction, an appellate court must view the evidence in the light most favorable to the prevailing party. *State v. Red Kettle*, 239 Neb. 317, 476 N.W.2d 220 (1991). The appellate court does not resolve conflicts in the evidence,

pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and the verdict will be affirmed, in the absence of prejudicial error, if properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Timmerman, ante* p. 74, 480 N.W.2d 411 (1992). Viewed in that light, the record shows the following:

In early 1990, Omaha police were investigating defendant's possible involvement in cocaine distribution in the North Omaha area. A confidential informant had supplied information that defendant was a dealer who received his supplies from Kansas City.

On February 19, 1990, police drafted an affidavit in support of an application for a search warrant. That affidavit first detailed specific activities which caused police to suspect defendant's participation in drug activity. The affidavit then set forth specific information which police received from a confidential informant.

Four weeks prior to defendant's arrest, the confidential informant identified defendant and told police officers that defendant was then involved in distributing cocaine. On February 7, 1990, the informant stated the defendant had received 5 ounces of cocaine from Kansas City and that defendant was using workers at a residence at 3305 North 40th Avenue in Omaha to distribute crack cocaine for him. On February 13, the informant told police that defendant had asked the informant to accompany him to Kansas City to pick up another purchase of cocaine and transport it back to Omaha.

The informant had seen "several ounces" of crack in defendant's possession and at 4115 North 42nd Street, where defendant lived with his mother. Less than 48 hours before defendant was arrested the informant had, under police supervision, purchased cocaine from defendant.

On February 19, 1990, the defendant, driving a cream-colored Chevrolet Impala, went to 4115 North 42nd Street while the house was under surveillance. Defendant entered the home and left a few minutes later. The police stopped the car and a drug detection dog brought to the scene

"alerted" to the odor of cocaine during a "perimeter" survey of the car. Defendant consented to a search of the vehicle. The search turned up no evidence of drugs or drug dealing. Defendant was arrested for suspicion of possession of a controlled substance and taken to police headquarters.

At headquarters, defendant waived his *Miranda* protections and agreed to speak with the officers. Sgt. William Agnew then briefly questioned defendant. Defendant specifically stated that there would not be any drugs in his bedroom and that he would be surprised if police found cocaine at his mother's home.

The police finished drafting the affidavit, obtained a search warrant for 4115 North 42nd Street, and returned there to execute the warrant. Pursuant to the order of Sergeant Agnew, the defendant was taken with the police at that time. Agnew testified this was done because "I wanted him to be present at the house."

Police entered the locked residence by using a key on defendant's key chain, after defendant requested that his key be used. On entering the home, defendant indicated that his room was the northeast bedroom on the main floor. The subsequent search of the residence uncovered over 54 grams of cocaine, a portion of which was found in a tennis shoe in defendant's bedroom, and $1,400 in U.S. currency. Defendant was charged with possession with intent to deliver a controlled substance.

At the suppression hearing, defendant, asserting the search warrant was invalid, moved to suppress all physical evidence. Defendant also moved to suppress all statements made to police because they had been coerced and made without the defendant's being advised of his *Miranda* protections. The court overruled both motions.

At trial, both the evidence and the statements were objected to, the objections were overruled, and the evidence was received. Thus, defendant has properly preserved the issues for appeal. See *State v. Hall*, 237 Neb. 169, 465 N.W.2d 150 (1991).

In his first assignment of error, appellant asserts that "[t]he District Court erred in overruling the Defendant's motion to suppress physical evidence seized as a result of the search by Omaha police on February 19, 1990."

When reviewing a motion to suppress, an appellate court will not reweigh or resolve conflicts in the evidence, but will uphold the trial court's findings unless they are clearly erroneous. *State v. Groves*, 239 Neb. 660, 477 N.W.2d 789 (1991). In making this determination, the trial court is the trier of fact, and the reviewing court takes into consideration that the trial court has observed the witnesses testifying regarding the motion to suppress. *Id.*

Defendant's motion to suppress all physical evidence obtained from the search of 4115 North 42nd Street contended that there was no probable cause for the granting of the warrant; that the affidavit upon which the warrant was granted was insufficient; that the warrant was defective on its face; that the warrant was not executed according to its terms; and that the search was made prior to, and not incident to, a lawful arrest, and without probable cause.

In *State v. Groves*, 239 Neb. at 665, 477 N.W.2d at 794-95, this court stated:

This court has adopted the "totality of the circumstances" test set forth by the U.S. Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), to determine the sufficiency of an affidavit used to obtain a search warrant. [Citation omitted.] It is only the probability, and not a prima facie showing, of criminal activity which is the standard of probable cause for issuance of a search warrant. [Citation omitted.]

In evaluating probable cause for the issuance of a search warrant, the magistrate must make a practical, commonsense decision whether, given the totality of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of the persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. [Citation omitted.] The duty of the reviewing court is to ensure that the issuing magistrate had a substantial basis for determining that probable cause existed. [Citation omitted.]

Defendant contends that "the information [within the

affidavit] was not 'reasonably trustworthy under the circumstances, because of the almost total lack of accurate, detailed information concerning the informer's reliability.' " Brief for appellant at 12.

The affidavit stated that the confidential informant had given information in the past which had proven "accurate and reliable through independent investigation" and that the informant had on two prior and separate occasions assisted police in controlled purchases of crack cocaine. The affidavit also set out a description, furnished by the informant, of a cream-colored Chevrolet Impala which the informant stated that defendant used to transport cocaine for distribution. The informant later identified that vehicle, parked at 4115 North 42nd Street. It was in this car that the defendant sold to the informant, in another controlled-buy situation, a substance which field tested positive for cocaine. All of this was done within 48 hours of the application for the warrant.

The affidavit, under the "totality of the circumstances," was sufficient to support an independent magistrate's finding that probable cause existed to issue a search warrant for the residence at 4115 North 42nd Street. Thus, all evidence seized pursuant to that search warrant was properly admitted into evidence. This assignment of error is without merit.

In his second assignment, defendant asserts that the trial court erred in failing to suppress a statement made by the defendant, because the statement "was, in fact, the result of improper influence." Brief for appellant at 18.

The statement to which defendant refers was made to Sergeant Agnew, inside the residence at 4115 North 42nd, during the search. After witnessing the police uncover a Crown Royal bag filled with cocaine and cash, defendant asked to speak to Agnew. Agnew testified that he and the defendant went into another room: "I asked Mr. Davis what he wanted, at which time he stated you found everything. Don't tear the house up. Will you put everything back[?]"

In *State v. Melton*, 239 Neb. 506, 510, 476 N.W.2d 842, 845 (1991), this court held: "To be admissible in evidence, an accused's statement, confession, or admission must have been freely and voluntarily made . . . ."

Defendant correctly notes that, as to its burden, the State must also show that the admission made by the accused was not the product of any promise or inducement, direct or implied, no matter how slight, before it will be admitted into evidence. *State v. Haynie*, 239 Neb. 478, 476 N.W.2d 905 (1991).

In *State v. Hall*, 237 Neb. 169, 174, 465 N.W.2d 150, 153 (1991), this court restated that "[v]oluntariness is determined by the totality of the circumstances, and a determination by the trial judge that [an admission] was made voluntarily will not be overturned on appeal absent an abuse of discretion." (Citing *State v. Walker*, 236 Neb. 503, 461 N.W.2d 755 (1990).)

In the present case, defendant was taken to the house and seated in the living room. Defendant then requested to be in the kitchen area in order to observe the inventory of all seized evidence. Upon witnessing the systematic search of his mother's home and the discovery of the cocaine and cash, defendant asked to speak with Agnew. Defendant then volunteered the statements, without any inducement of leniency or even questioning by Agnew.

Defendant seems to suggest that his will was overborne by watching police inventory and "mess up" his mother's home. The nature of the statement does not suggest that any deal was offered or threats made toward defendant. The record shows that defendant was given his *Miranda* warnings prior to execution of the warrant. Nothing suggests that any officer indicated or implied to defendant that the search would be terminated or that any other benefit to him would enure in exchange for such a statement.

Considering the totality of the circumstances, we cannot say that defendant's statement was coerced or the result of improper influence to make an admission. The trial court did not abuse its discretion in finding that defendant's statements were voluntarily made and in overruling defendant's motion to suppress his statements. This assignment is without merit.

Defendant's final assignment of error alleges the evidence was "insufficient as a matter of law to sustain the defendant's conviction" because "it [was] not clearly established that the Defendant in fact resided at the residence of 4115 N. 42nd Street." Brief for appellant at 18-19.

Defendant was detained by police shortly after leaving the residence. Upon execution of the search warrant, police entered the locked home using a house key on defendant's car-key chain. Once inside, defendant indicated that the house's northeast bedroom was his. Inside that room, a traffic citation directed to defendant was found, which was dated February 7, 1990, just 12 days before the warrant was executed. The address listed on the citation was 4115 North 42nd Street. Police also seized from a wastepaper basket a receipt dated February 19, 1990, from Centel Cellular Company, made out to defendant.

In addition, defendant's mother was called by defendant as a witness. After denying that defendant lived with her at 4115 North 42nd Street, the mother testified as follows:

Q. Did he ever have mail sent to that address?

A. Yes, on my request it was mailed right there.

Q. Did he have access to the residence at 4115 North 42nd Street?

A. Yes, he did.

Q. What type of access did he have?

A. I gave him a key.

Q. Do you recall when you gave Maurice a key?

A. I gave him a key basically when he moved in. I gave all my kids a key.

All this evidence and testimony, if believed, proved that the defendant resided, at least occasionally, at 4115 North 42nd Street. Finally, when the defendant, without threats or coercion, stated, "[Y]ou found everything," evidence clearly established that the cocaine was his. We find this assignment to have no merit.

The trial court's rulings upon defendant's motions to suppress were correct, and evidence was sufficient to sustain a guilty verdict at trial. The judgment of the trial court is affirmed.

AFFIRMED.